UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



CRAIG MAURIZI,

    Plaintiff,

v.

RICHARD CALLAGHAN,
BUFFALO SKATING CLUB, INC.,
PROFESSIONAL SKATERS
ASSOCIATION, and
THE UNITED STATES FIGURE
SKATING ASSOCIATION d/b/a U.S.
Figure Skating,

    Defendants.

20-CV-922-JLS-LGF

## DECISION AND ORDER

Plaintiff Craig Maurizi commenced this action on July 20, 2020, alleging several common-law-tort claims against Defendants. Specifically, he claims that Defendant Richard Callaghan, his former figure skating coach, sexually abused him beginning in 1976, when Maurizi was 13, and continuing until 1986. Maurizi further alleges that Defendants Buffalo Skating Club, Inc. ("BSC"), Professional Skaters Association ("PSA"), and the United States Figure Skating Association d/b/a U.S. Figure Skating ("USFS"), knew about the abuse but took no steps to stop it and, later, failed to investigate properly grievances he filed with USFS and PSA regarding the abuse. The Court referred the case to United States Magistrate

Judge Leslie G. Foschio to, among other things, hear and report upon dispositive motions pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Dkt. 16.

Before the Court are motions to dismiss filed by PSA, Dkt. 13, USFS, Dkt. 26, and BSC, Dkt. 33, and Callaghan's motion to set aside a default entered against him. Dkt. 38. On February 25, 2022, Judge Foschio issued a Report and Recommendation/Decision and Order ("R&R") that recommends denying BSC's motion and granting PSA's and USFS's motions.[1] Dkt. 54.

Judge Foschio also granted Callaghan's motion to set aside the default. Relevant to that issue is Judge Foschio's determination of the preclusive effect of a December 16, 2019 arbitration hearing decision.[2] Judge Foschio determined the decision has no preclusive effect with respect to Maurizi's claims because the decision "did not 'hinge' on the unlawful conduct Callaghan allegedly perpetrated against [Maurizi] such that [his] claims against Callaghan were not 'necessary or essential' to the final Arbitration Decision." Dkt. 54, at 27 (quoting *Biflock v. Philip Morris USA Inc.*, 936 F.3d 74, 81 (2d Cir. 2019)).[3]

Maurizi filed an objection that argues the R&R erred in concluding "that the factual findings contained within the December 16, 2019 arbitration decision . . . did not constitute a final determination on the central fact of Callaghan's abuse of Mr. Maurizi when he was under the age of eighteen." Dkt. 60, at 4. He urges the Court

---

[1] In the alternative, the R&R granted USFS's request to strike certain allegations from the complaint. Dkt. 26-2.
[2] Dkt. 50.
[3] References to page numbers refer to those generated by the Court's CM/ECF system.

2

to apply a *de novo* standard of review to reject the R&R's determination that the factual finding of sexual abuse upheld by the arbitration decision should not be given collateral estoppel effect.  Maurizi also notes that he intends to "seek leave of this Court to amend the Complaint and assert additional factual allegations against Defendant United States Figure Skating Association d/b/a U.S. Figure Skating pursuant to F. Rules Civ Pro 15(b)(c), 21, and 54(b)." *Id.* at p. 4 n. 1.

All Defendants, other than BSC, filed responses.  Callaghan argues that the finding as to the alleged sexual abuse was not essential to the arbitrator's conclusion, and that such conclusion and sanctions imposed were limited to wrongdoing Callaghan committed against two female complainants—not Maurizi.  Dkt. 63.  Both USFS and PSA note that Maurizi did not object to their dismissal and ask the Court to grant their motions as a result.  Dkts. 65 and 66.  USFS also references Maurizi's footnote explaining his intention to seek leave to add allegations against it and calls such intention "of no consequence here." Dkt. 65, at 1-2.  USFS further explains that this "does not constitute an objection, nor does it preserve any right to object or appeal the ultimate Decision." *Id.*

In reply, Maurizi reiterates his argument with respect to the supposed preclusive effect of the arbitration decision and concludes that the "finding by the arbitrator was critical to his decision in the arbitration, regardless of the sanctions imposed." Dkt. 69 at 2.  Maurizi further explains that he does not object to the dismissal of USFS and PSA "without prejudice" and that he intends to add USFS "back into the case at the appropriate time." *Id.* at p. 1.

3

USFS and PSA both filed sur-replies that take issue with Maurizi's request that their dismissals be "without prejudice." Dkts. 70 and 71. Both rely on the language in the R&R, as well as *Berrios v. NY City Housing Authority*, 564 F.3d 130, 134 (2d Cir. 2009), and *First Reliance Standard Life Ins. Co. v. Giorgio Armani Corp.*, No. 19 CIV. 10494 (AKH), 2020 WL 3000385, at *1 (S.D.N.Y. June 4, 2020), to argue that a rule 12(b)(6) dismissal, such as here, is a final judgment on the merits for purposes of claim preclusion.

Maurizi only responded to USFS's sur-reply. Dkt. 72. He relies on Rule 54(b), *Crostley v. Lamar County*, 717 F.3d 410 (5th Cir. 2013), and *Orrstown Fin. Servs. Inc.*, 12 F.4th 337, 348 (3d Cir. 2021), to argue that dismissal of the claims against USFS does not end the action because BSC and Callaghan would still have claims pending against them. He requests "that the dismissal against USFS be *without* prejudice, preserving [his] right to seek leave from the Court to amend the complaint to add claims against USFS based on facts that are likely to emerge during the course of discovery in the pending case." *Id.* at p. 2 (emphasis in original).

## DISCUSSION

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). On dispositive matters, a district court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which an objection is properly made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Otherwise, a district court must "modify or set aside any part of [a magistrate judge's] order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). This standard applies to decisions made by a magistrate judge on nondispositive matters, 28 U.S.C. § 636(b)(1)(A), and portions of a magistrate judge's recommendation to which "no specific objection is raised." *United States v. Gardin*, 451 F. Supp. 2d 504, 506 (W.D.N.Y. 2006) (citing Black v. Walker, 2000 WL 461106, *1 (W.D.N.Y.2000)). An order "is clearly erroneous or contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Tracy v. NVR, Inc.*, 791 F. Supp. 2d 340, 342 (W.D.N.Y. 2011) (internal quotations and citation omitted).

Applying the appropriate standard of review and, where appropriate, based on a *de novo* review of the relevant record in this case, the Court accepts and adopts Judge Foschio's recommendations to grant the motions to dismiss filed by USFS and PSA and to deny BSC's motion to dismiss.

In doing so, the Court agrees that Maurizi's footnote is of no consequence here. Whether dismissal is with or without prejudice and whether leave to amend is granted are two different considerations. *Elfenbein v. Gulf & W. Indus., Inc.*, 590 F.2d 445, 449 (2d Cir. 1978) ("We also strongly suggest to the district courts that they use the terms 'with prejudice' or 'without prejudice' only when making a determination as to the Res judicata effect of a dismissal. These terms are not substitutes for clear indications as to whether repleading will be allowed."), *abrogated on other grounds by Espinoza ex rel. JPMorgan Chase & Co. v. Dimon*,

797 F.3d 229 (2d Cir. 2015); *see also Smith v. United States*, 554 F. App'x 30, 32 n. 2 (2d Cir. 2013) (recognizing the distinction in *Elfenbein*). The claims against USFS and PSA are dismissed with prejudice because they are adjudicated on the merits.[4] *Berrios v. New York City Hous. Auth.*, 564 F.3d 130, 134 (2d Cir. 2009) ("As the sufficiency of a complaint to state a claim on which relief may be granted is a question of law, the dismissal for failure to state a claim is a final judgment on the merits and thus has res judicata effects.").

Nor would Maurizi's footnote be enough to justify further amendment because this is the first time he has alluded to the issue, and he has not identified how he would amend. *See TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014) ("A plaintiff need not be given leave to amend if it fails to specify either to the district court or to the court of appeals how amendment would cure the pleading deficiencies in its complaint."); *see also Bldg. Trades Pension Fund of W. Pennsylvania v. Insperity, Inc.*, No. 20 CIV. 5635 (NRB), 2022 WL 784017, at *16 n. 10 (S.D.N.Y. Mar. 15, 2022) ("Plaintiff requests, in a single sentence at the end of its brief, that it be given the opportunity to replead if the motion to dismiss is granted.

---

[4] In his opposition to PSA's motion to dismiss, Maurizi had requested to dismiss his claims against PSA for aiding and abetting assault, aiding and abetting battery, and negligence. Dkt. 28, at 12. The R&R noted that Maurizi "conceded to dismissing" these claims, Dkt. 54, at 30, and that PSA's motion should be granted because Maurizi's "allegations fail to provide sufficient basis to find liability based on aiding and abetting, negligence or intentional infliction of emotional distress." Dkt. 54, at 45. Maurizi did not object to this language, and merely requested dismissal of PSA be "without prejudice." Dkt. 69. Because the R&R's recommendation that Maurizi has failed to provide a sufficient basis for these claims is not clearly erroneous or contrary to law, dismissal of PSA shall be with prejudice.

However, plaintiff does not explain how it would amend its complaint, and as such, its request is insufficient."). Thus, leave to amend—even assuming a correct and proper request—is denied.

The Court also affirms Judge Foschio's order to grant Callaghan's motion. Motions to set aside entry of default are nondispositive motions upon which the Court must apply a "clearly erroneous or contrary to law" standard of review. *See Unger v. Sogluizzo*, 673 F. App'x 250, 252 n.2 (3d Cir. 2016) ("[Defendant's] motion to vacate entry of default . . . was not a dispositive motion because it did not seek to dispose of claims without further proceedings."); *see also Sheet Metal, Air, Rail & Transportation Workers Loc. Union No. 137 v. Frank Torrone & Sons, Inc.*, No. 15-CV-2224(KAM)(PK), 2018 WL 4771897, at *8 (E.D.N.Y. Oct. 3, 2018) (same); *Kryszak v. Norfolk S. Corp.*, No. 117CV00530JLSMJR, 2020 WL 1445478, at *1 (W.D.N.Y. Mar. 25, 2020) (same). Accordingly, the question is whether Judge Foschio's order granting Callaghan's motion is clearly erroneous or contrary to law. It is not.

The arbitrator's statements directed to Maurizi's claim of Callaghan's sexual abuse was not necessary to the conclusion or sanctions in the arbitrator's decision, which was focused on Callaghan's abuse of two female skaters that he coached. This is plain in the language of the decision, which states, "Callaghan's conduct violated . . . the Pennsylvania Consolidated Statutes," the law applied to the female complainants' claims. Even more telling—despite Maurizi's erroneous conclusion (*and cropped quotation*, Dkt. 60, at 7) to the contrary—is the fact that the sanctions

7

were limited to the female complainants. This is evident in the last sentence of sanction three, which states, "[s]hould Callaghan and any of the Claimants happen to be in the same place at the same time, in addition to refraining from any form of communication, Callaghan shall make reasonable efforts to keep his distance and avoid getting too close to *her*." Dkt. 50, at 26 (emphasis added). The final arbitration decision did not hinge on the finding of Maurizi's sexual abuse. *Biflock v. Philip Morris USA Inc.*, 936 F.3d 74, 81 (2d Cir. 2019). Therefore, the finding was not "necessary or essential" to the arbitration decision. *Id.* The order is affirmed.

## CONCLUSION

For the reasons stated above and in the R&R, the Court AFFIRMS the order to grant Callaghan's motion; DENIES BSC's motion; and GRANTS PSA's and USFS's motions. The claims against PSA and USFS are dismissed with prejudice. Leave to amend is denied.

**SO ORDERED.**

Dated:   May 5, 2022
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE